UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SPEROS A. BATISTATOS,

          Plaintiff,

   v.                                        CAUSE NO. 2:25cv71 DRL-JEM

CITY OF HAMMOND *et al.*,

          Defendants.

## OPINION AND ORDER

After his employment contract with the South Shore Convention and Visitor's Authority (SSCVA) was terminated, Speros Batistatos sued several defendants, alleging defamation and injurious falsehoods against the City of Hammond, Left of Center Media, LLC, and Mayor Thomas M. McDermott, Jr. His original action alleged much more, but the court (via a different presider) dismissed the misjoined claim that the defendants acted concertedly and severed the defamation and injurious falsehood claims, which this presider then inherited. Based on the second amended complaint, the defendants ask the court to dismiss this severed action for lack of subject matter jurisdiction under Rule 12(b)(1).

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to

adjudicate the action." *Id.* The defendants don't explicitly frame their challenge, but it proves to be a facial attack. The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

The court must dismiss an action "at any time" it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020). The two primary means of federal jurisdiction—federal question and diversity—the parties agree don't exist here. The pre-severed case contained a federal question, but this severed case lacks one. The only question then is whether the court may (or should) exercise supplemental jurisdiction over the state claims in this severed action under 28 U.S.C. § 1367. The answer is no.

Severance of a claim creates a "discrete, independent action." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quotation omitted). Mr. Batistatos nonetheless clings to the federal question from a separate action to establish a basis for supplemental jurisdiction in this one. In any civil action in which a district court has original federal question jurisdiction, the court has supplemental jurisdiction over state claims that are so related to the claims supported by original jurisdiction that they form "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy when the state and federal claims derive from a "common nucleus of operative fact." *Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

But first the court must be satisfied that "a claim falls within the category laid out in § 1367(a), for otherwise there is no federal jurisdiction." *Myers v. Cnty. of Lake*, 30 F.3d 847, 850 (7th Cir. 1994). Mr. Batistatos notes the lack of circuit precedent, but the statute is quite clear. It

only applies if the state claim is part of the same action as one independently within the court's original federal question jurisdiction—that is, "so related to claims *in the action* within such original jurisdiction." 28 U.S.C. § 1367(a) (emphasis added). When the action contains no claims over which the court has federal question jurisdiction, there is nothing to which supplemental jurisdiction can attach. "[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Rivera v. Allstate Ins.*, 913 F.3d 603, 617 (7th Cir. 2018) (quotation omitted); *accord Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 638 (5th Cir. 2014) ("the once-upon-a-time related claim is no longer a related claim because there is no federal claim to which it can relate.").

Mr. Batistatos cites two unpublished and extrajurisdictional district court opinions to argue that severance will not extinguish supplemental jurisdiction when original jurisdiction generally is decided at the time of filing (or removal). But the argument he crafts on the backs of these opinions ignores at least two overriding truths. For one, once severance has been held to create another independent action, *see Gaffney*, 451 F.3d at 442, nothing in § 1367(a)'s plain language permits supplemental jurisdictional to cling to federal claims "in the action or in another action"—only to a federal claim "in the action." The text "in the action" means exactly what it says. Nothing requires that this action be "new," just "the action" of concern.

For the other truth, jurisdiction existing at the time of filing (or removal), albeit a general rule, may yield to a change in that understanding in such a way as to require a dismissal (or remand). *See, e.g., Royal Canin*, 604 U.S. at 34 ("Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them."); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805,

3

807 (7th Cir. 2010) (giving examples when the general rule yields). This is just one of those areas, particularly given § 1367(a)'s plain text. The court has no choice but to dismiss the case for lack of jurisdiction (by definition, a "without prejudice" ruling).

The court would decline supplemental jurisdiction nonetheless under § 1367(c). *See Myers*, 30 F.3d at 850 (even when subject matter jurisdiction is certain, the court may decline to exercise supplemental jurisdiction). "When federal claims drop out of the case, leaving only state-law claims, the court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *Rongere v. City of Rockford*, 99 F.4th 1095, 1106 (7th Cir. 2024) (quotations and citation omitted); *see also* 28 U.S.C. § 1367(c)(3) (may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). The court weighs the factors of judicial economy, convenience, fairness, and comity. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997); *Rongere*, 99 F.4th at 1106.

In doing so, there is a "presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims," because "the economies from retaining jurisdiction over the state-law claims will be slight." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (emphasis in original); *see also Rongere*, 99 F.4th at 1106 (general presumption "in favor of relinquishment"). No exception applies. No one says the statute of limitations will run on any state claim. No one claims that the state claims must be resolved in a clear way, and indeed the case remains too young to even get there. And the court has not deployed substantial resources to resolving these state claims, not least this presider. Even the pre-severed case involved limited discovery on an anti-SLAPP motion but otherwise remained at the motion to dismiss stage.

Judicial economy and comity favor a state court's ruling on state claims. And though the court recognizes some inconvenience in shifting the case to a new venue, this would not be sufficient to retain the case here. "Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction." *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995). Supplemental jurisdiction is not within the court's discretion to exercise today; but, even so, it would be imprudent to do so.

## CONCLUSION

Accordingly, the court GRANTS the motions to dismiss [192, 193] and DISMISSES Mr. Batistatos' defamation and injurious falsehood claims against the City of Hammond, Left of Center Media, LLC, and Mayor McDermott (originally named counts 5-7) for lack of jurisdiction. This order terminates this severed action.

SO ORDERED.

July 31, 2025                                        *s/ Damon R. Leichty*
                                                             Judge, United States District Court